IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **FLEXIWORLD TECHNOLOGIES, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**ROKU INC.,**<br><br>Defendant. | Case No. 6:20-cv-0819<br><br>Patent Case<br><br>Jury Trial Demanded |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Flexiworld Technologies, Inc., files this Original Complaint for patent infringement against Roku Inc. alleging as follows:

## NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## THE PARTIES

2. Plaintiff **Flexiworld Technologies, Inc. ("Plaintiff" or "Flexiworld")** is a Washington corporation with its principal place of business at 2716 SE 169th Ave Q147, Vancouver, WA.

3. Defendant **Roku Inc. ("Roku")** is a Delaware corporation with a principal place of business located at 9606 N. Mopac Expressway, Suite 400, Austin, Texas 78759.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq.* This Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and § 1338 (jurisdiction over patent actions).

5. Roku is subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over Roku because Roku has engaged in continuous, systematic, and substantial activities within this State, including substantial marketing and sales of products within this State and this District. Furthermore, upon information and belief, this Court has personal jurisdiction over Roku because Roku has committed acts giving rise to Flexiworld's claims for patent infringement within and directed to this District.

6. Upon information and belief, Roku has committed acts of infringement in this District and has one or more regular and established places of business within this District under the language of 28 U.S.C. § 1400(b). Thus, venue is proper in this District under 28 U.S.C. § 1400(b).

7. Roku maintains a permanent physical presence within the Western District of Texas, conducting business from at least its location 9606 N. Mopac Expressway, Suite 400, Austin, Texas 78759.

8. Upon information and belief, Roku has conducted and does conduct substantial business in this forum, directly and/or through subsidiaries, agents, representatives, or intermediaries, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

9. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §1391 and 28 U.S.C. § 1400(b).

## FLEXIWORLD AND THE PATENTS-IN-SUIT

10. Flexiworld is a pioneer and leading innovator in the field of pervasive wireless technologies.

11. Flexiworld was founded by American scientist and inventor William Ho Chang and is an innovator engaged in research and development of technologies for wireless applications and embedded solutions in short-range wireless (*e.g.,* Bluetooth, WiFi) and mobile device markets.

12. Flexiworld has significantly contributed to the innovation of wireless devices such as mobile phones, notebooks, PDAs, digital cameras, wireless television, wireless printers, and wireless audio devices, etc.

13. Flexiworld was voted the best early stage company in the Pacific Northwest in 2002 and Flexiworld's business plan was also voted, consecutively, as the top 2 among the "Ten Best" in 2002 and in 2003 by the Business Journal in Silicon Valley, USA.

14. Flexiworld's innovative work and results have been widely recognized in the industry. The company's patents have been repeatedly forward cited by major technology companies worldwide, including by Roku.

15. Flexiworld develops wireless applications and embedded solutions for the short-range wireless and mobile device market.

16. William H. Chang, one of the named co-inventors on the Patents-in-Suit, is the founder and President of Flexiworld. Mr. Chang has been granted over 83 United States patents and over 97 patents worldwide on his inventions.

17. Christina Ying Liu, one of the named co-inventors on the Patents-in-suit, is a Flexiworld shareholder. Ms. Liu has been granted over 66 United States patents and over 76 patents worldwide on her inventions.

18.     This cause of action asserts infringement of United States Patent Nos. 8,989,064 ("the '064 Patent"), 10,346,114 ("the '114 Patent"), and 10,740,066 ("the '066 Patent") (collectively, the "Patents-in-Suit").

### The '064 Patent

19.     The '064 Patent, entitled "Wireless controller wire connectable to output devices such as televisions for accessing digital content and for wireless communication with mobile information apparatus," duly and legally issued on March 24, 2015, from U.S. Patent Application No. 11/929,445, filed on October 30, 2007, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '064 Patent is attached hereto as **Exhibit 1** and is incorporated by reference.

20.     The '064 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

21.     Flexiworld is the owner and assignee of all rights, title, and interest in and under the '064 Patent.

22.     An assignment of the '064 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 029112/0430.

23.     Flexiworld has standing to sue for infringement of the '064 Patent.

### The '114 Patent

24.     The '114 Patent, entitled "Digital content services over the internet that transmit or stream protected digital content to mobile devices, display devices, audio output devices, printing devices, televisions, or television controllers," duly and legally issued on July 9, 2019, from U.S. Patent Application No. 15/973,317, filed on May 7, 2018, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '114 Patent is attached hereto as **Exhibit 2** and is incorporated by reference.

25.     The '114 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

26. Flexiworld is the owner and assignee of all rights, title, and interest in and under the '072 Patent.

27. An assignment of the '114 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at 012325/0362.

28. Flexiworld has standing to sue for infringement of the '114 Patent.

**The '066 Patent**

29. The '066 Patent, entitled "Output devices that establish wireless connection with an information apparatus subsequent to having been wirelessly discovered by the information apparatus," duly and legally issued on August 11, 2020, from U.S. Patent Application No. 16/396,460, filed on April 26, 2019 naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the '066 Patent is attached hereto as **Exhibit 3** and is incorporated by reference.

30. The '066 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

31. Flexiworld is the owner and assignee of all rights, title, and interest in and under the '066 Patent.

32. An assignment of the '066 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 50223/6419 and 50436/8189.

33. Flexiworld has standing to sue for infringement of the '066 Patent.

34. On information and belief, with respect to each Patent-in-Suit Flexiworld has complied with the requirements of 35 U.S.C. § 287.

35. Roku has not obtained a license to any of the Patents-in-Suit.

36. Roku does not have Flexiworld's permission to make, use, sell, offer to sell, or import products that are covered by one or more claims of any of the Patents-in-Suit.

37. Roku needs to obtain a license to the Patents-in-Suit and cease its ongoing infringement of Flexiworld's patent rights.

## GENERAL ALLEGATIONS

38. Roku makes, uses, sells, offers to sell, and/or imports into the United States products as claimed in each of the Patents-in-Suit.

39. Roku makes, uses, sells, offers to sell, and/or imports into the United States products that infringe at least one claim of one or more of the Patents-in-Suit, including but not limited to its Express, Express+, Premiere, Streaming Stick, Streaming Stick+, and Ultra products (hereinafter, collectively, **"Roku Devices"**).

40. Roku has infringed and continues to infringe (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one or more claims of each of the Patents-in-Suit by making, using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States its Roku Devices.

41. Roku's customers have directly infringed and continue to directly infringe the Patents-in-Suit by using the Roku Devices purchased from Roku. Through its product manuals and/or sales and marketing activities, Roku solicits, instructs, encourages, and aids and abets its customers to purchase and use the Roku Devices in an infringing way.

42. Roku has knowledge of the Patents-in-Suit at least as of the filing of this lawsuit.

43. Roku's ongoing actions are with specific intent to cause infringement of one or more claims of each of the Patents-in-Suit.

44. Further discovery may reveal earlier knowledge of one or more of the Patents-in-Suit, which would provide additional evidence of Roku's specific intent and/or willful blindness with respect to infringement.

45. Flexiworld has been and continues to be damaged as a result of Roku's infringing conduct. Roku is therefore liable to Flexiworld in an amount that adequately compensates Flexiworld for Roku's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

46. Roku markets and sells other products that are not covered by the claims of the Patents-in-Suit but that are sold with or in conjunction with the Roku Devices. Accordingly, Flexiworld is entitled to collect damages from Roku for convoyed sales of certain non-patented items.

47. Roku failed to obtain permission from Flexiworld to make, use, sell, offer to sell, or import products incorporating the inventions claimed in the Patents-in-Suit including, but not limited to, the Roku Devices.

48. Attached hereto are **Exhibits 4-6**, and incorporated herein by reference, are representative claim charts detailing how the exemplar Roku Devices have, and continue to, infringe the Patents-in-Suit.

49. For each count of infringement listed below, Flexiworld incorporates and re-states the allegations contained in the preceding paragraphs above, including these General Allegations, as if fully set forth in each count of infringement.

## COUNT I – INFRINGEMENT OF THE '064 PATENT

50. Flexiworld incorporates herein the allegations made in paragraphs 1 through 49.

51. Roku has and continues to directly infringe one or more claims of the '064 Patent, including, for example, claim 1, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, its Roku Devices

52. Additionally, Roku is indirectly infringing the '064 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Roku Devices and/or by instructing customers how to use the devices in a way that directly infringes at least claim 1 of the '064 Patent.

53. Roku has had actual knowledge of the '064 Patent since at least service of this lawsuit.

54. Roku's ongoing actions represent a specific intent to induce infringement of at least claim 1 of the '064 Patent.

55. An exemplary claim chart demonstrating Roku's infringement of the '064 Patent is attached as **Exhibit 4** and incorporated herein by reference.

56. As a result of Roku's infringement of the '064 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

### COUNT II – INFRINGEMENT OF THE '114 PATENT

57. Flexiworld incorporates herein the allegations made in paragraphs 1 through 56.

58. Roku has and continues to directly infringe one or more claims of the '114 Patent, including, for example, claim 8, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, its Roku Devices.

59. Additionally, Roku is indirectly infringing the '114 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Roku Devices and/or by instructing

customers how to use the Roku Devices in a way that directly infringes at least claim 8 of the '114 Patent.

60. Roku has had actual knowledge of the '114 Patent since at least service of this lawsuit.

61. An exemplary claim chart demonstrating Roku's infringement of the '114 Patent is attached as **Exhibit 5** and incorporated herein by reference.

62. As a result of Roku's infringement of the '114 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT III – INFRINGEMENT OF THE '066 PATENT

63. Flexiworld incorporates herein the allegations made in paragraphs 1 through 62.

64. Roku has and continues to directly infringe one or more claims of the '066 Patent, including, for example, claim 7, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, its Roku Devices.

65. Additionally, Roku is indirectly infringing the '066 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Roku Devices and/or by instructing customers how to use the Roku Devices in a way that directly infringes at least claim 7 of the '066 Patent.

66. Roku has had actual knowledge of the '066 Patent since at least service of this lawsuit.

67. An exemplary claim chart demonstrating Roku's infringement of the '066 Patent is attached as **Exhibit 6** and incorporated herein by reference.

68. As a result of Roku's infringement of the '066 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Flexiworld demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Flexiworld respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. A judgment that Roku has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. A judgment and order requiring Roku to pay Flexiworld past and future damages under 35 U.S.C. § 284, including for supplemental damages arising from any continuing post-verdict infringement for the time between trial and entry of the final judgment with an accounting, as needed, as provided by 35 U.S.C. § 284;

c. A judgment and order requiring Roku to pay Flexiworld reasonable ongoing royalties on a going-forward basis after final judgment;

d. A judgment and order requiring Roku to pay Flexiworld pre-judgment and post-judgment interest on the damages award;

e. A judgment and order requiring Roku to pay Flexiworld's costs; and

f. Such other and further relief as the Court may deem just and proper.

Dated:  September 8, 2020                                    Respectfully submitted,

/s/ Joseph P. Oldaker
**TIMOTHY E. GROCHOCINSKI**
ILLINOIS BAR NO. 6295055
**JOSEPH P. OLDAKER**
ILLINOIS BAR NO. 6295319
**NELSON BUMGARDNER ALBRITTON PC**
15020 S. Ravinia Avenue, Suite 29
Orland Park, Illinois 60462
708.675.1974 (telephone)
tim@nbafirm.com
joseph@nbafirm.com

**ERIC M. ALBRITTON**
STATE BAR NO. 00790215
**ANDREW J. WRIGHT**
STATE BAR NO. 24063927
**NELSON BUMGARDNER ALBRITTON PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
817.377.9111 (telephone)
903.758.7397 (facsimile)
ema@nbafirm.com
andrew@nbafirm.com

COUNSEL FOR PLAINTIFF
FLEXIWORLD TECHNOLOGIES, INC.