# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **FLEXIWORLD TECHNOLOGIES, INC.,**<br><br>   Plaintiff,<br><br>v.<br><br>**ROKU, INC.,**<br><br>   Defendant. | Case No. 6:20-cv-00819-ADA<br><br>**DEMAND FOR JURY TRIAL** |

## ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Roku Inc. ("Roku" or "Defendant") hereby answers the Complaint of Plaintiff Flexiworld Technologies, Inc. ("Flexiworld" or "Plaintiff") and further states that anything in the Complaint that is not expressly admitted is hereby denied.

### NATURE OF THE SUIT

1.   Roku admits that the Complaint alleges a claim for patent infringement arising under the patent laws of the United States, contained in Title 35 of the United States Code. Roku, however, denies that it infringes any valid claim of any of the asserted patents.

### THE PARTIES

2.   Roku lacks sufficient knowledge and/or information to form a belief as to the truth of the allegation in paragraph 2 and therefore denies them on that basis.

3.   Roku admits that it is a Delaware corporation but denies that its principal place of business is in Austin.

### JURISDICTION AND VENUE

4.   Roku admits that the Complaint purports to initiate an action for patent infringement arising under the patent laws of the United States, contained in Title 35 of the

149887405.2

United States Code.  Roku admits that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338 over claims for patent infringement.  Roku denies it has committed any act that would give rise to any cause of action in the Complaint

5. Denied.

6. Roku admits that Flexiworld purports to base venue in this District under 28 U.S.C. § 1400(b).  Roku admits that it has places of business in the Western District of Texas.  Roku denies that it has committed acts of infringement and otherwise denies the remaining allegations in paragraph 6 of the Complaint.  Roku further denies that the Western District of Texas is the district most convenient to hear this case.

7. Roku admits that it has a place of business at 9606 N. Mopac Expressway, Suite 400, Austin, Texas 78759 in the Western District of Texas.  Roku denies that the Western District of Texas is the district most convenient to hear this case.

8. Denied.

9. Paragraph 9 is a legal conclusion to which no response is required.  To the extent a response is deemed required, Roku admits that Flexiworld purports to base venue in this District under 28 U.S.C. §§ 1391 and 1400(b) and otherwise denies the remaining allegations in paragraph 9 of the Complaint.  Roku further denies that the Western District of Texas is the district most convenient to hear this case.

## FLEXIWORLD AND THE PATENTS-IN-SUIT

10. Denied.

11. Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies them on that basis.

12. Denied.

13. Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies them on that basis.

14. Denied.

15. Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies them on that basis.

16. Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies them on that basis.

17. Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies them on that basis.

18. Roku admits that the Complaint purports to assert an action for patent infringement of United States Patent Nos. 8,989,064 ("the '064 Patent"), 10,346,114 ("the '114 Patent"), and 10,740,066 ("the '066 Patent"). Roku denies that it has committed acts of infringement and otherwise denies the remaining allegations in paragraph 18 of the Complaint.

**The '064 Patent**

19. Roku admits that the '064 patent is titled "Wireless controller wire connectable to output devices such as televisions for accessing digital content and for wireless communication with mobile information apparatus." Roku admits that the face of the '064 patent shows that the '064 patent issued on March 24, 2015, from U.S. Patent Application No. 11/929,445, filed on October 30, 2007, and names William Ho Chang and Christina Ying Liu as inventors. Roku admits a copy of the '064 patent is attached as Exhibit 1 to the Complaint. Roku lacks knowledge and/or information sufficient to form a belief as to the remaining allegations of paragraph 19 and therefore denies them on that basis.

20. Paragraph 20 is a legal conclusion to which no response is required.  To the extent a response is deemed required, Roku denies the allegations of paragraph 20.

21. Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them on that basis.

22. Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies them on that basis.

23. Paragraph 23 is a legal conclusion to which no response is required.  To the extent a response is deemed required, Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies them on that basis.

**The '114 Patent**

24. Roku admits that the '114 patent is titled "Digital content services over the internet that transmit or stream protected digital content to mobile devices, display devices, audio output devices, printing devices, televisions, or television controllers."  Roku admits that the face of the '114 patent shows that the '114 patent issued on July 9, 2019, from U.S. Patent Application No. 15/973,317, filed on May 7, 2018, and names William Ho Chang and Christina Ying Liu as inventors.  Roku admits a copy of the '114 patent is attached as Exhibit 2 to the Complaint.  Roku lacks knowledge and/or information sufficient to form a belief as to the remaining allegations of paragraph 24 and therefore denies them on that basis.

25. Paragraph 25 is a legal conclusion to which no response is required.  To the extent a response is deemed required, Roku denies the allegations of paragraph 25.

26. Roku lacks sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph 26 and therefore denies them on that basis.

27. Roku lacks sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them on that basis.

28. Paragraph 28 is a legal conclusion to which no response is required. To the extent a response is deemed required, Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies them on that basis.

**The '066 Patent**

29. Roku admits that the '066 patent is titled "Output devices that establish wireless connection with an information apparatus subsequent to having been wirelessly discovered by the information apparatus." Roku admits that the face of the '066 patent shows that the '066 patent issued on August 11, 2020, from U.S. Patent Application No. 16/396,460, filed on April 26, 2019, and names William Ho Chang and Christina Ying Liu as inventors. Roku admits a copy of the '066 patent is attached as Exhibit 3 to the Complaint. Roku lacks knowledge and/or information sufficient to form a belief as to the remaining allegations of paragraph 29 and therefore denies them on that basis.

30. Paragraph 30 is a legal conclusion to which no response is required. To the extent a response is deemed required, Roku denies the allegations of paragraph 30.

31. Roku lacks sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph 31 and therefore denies them on that basis.

32. Roku lacks sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph 32 and therefore denies them on that basis.

33. Paragraph 33 is a legal conclusion to which no response is required. To the extent a response is deemed required, Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies them on that basis.

34. Paragraph 34 is a legal conclusion to which no response is required. To the extent a response is deemed required, Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore denies them on that basis.

35. Admitted that Roku has not taken a license to any of the asserted patents, but Roku denies that it infringes any valid claim of any of the asserted patents.

36. Denied.

37. Denied.

## GENERAL ALLEGATIONS

38. Denied.

39. Roku admits that it makes, uses, sells, offers to sell, and/or imports into the United States Roku Express, Express+, Premiere, Streaming Stick, Streaming Stick+, and Ultra. Roku denies it has infringed any of the claims of any of the Patents-in-Suit. Roku denies the remaining allegations of paragraph 39.

40. Denied.

41. Denied.

42. Roku admits that it has knowledge of the Patents-in-Suit as of the filing of this lawsuit. Roku denies the remaining allegations of paragraph 42.

43. Denied.

44. Denied.

45. Denied.

46. Roku admits that all of the products that Roku sells are products that are not covered by the claims of the Patents-in-Suit. Roku denies the remaining allegations of paragraph 46.

47. Roku denies that any of its products incorporate the inventions claimed in the Patents-in-suit and therefore denies the allegations of paragraph 47.

48. Roku admits that Exhibits 4-6 are claim charts attached to the Complaint, but Roku denies it has infringed any of the claims of any of the Patents-in-Suit.

49. Roku incorporates its responses in paragraphs 1 through 48 above as if fully repeated and restated herein.

## COUNT I - INFRINGEMENT OF THE '064 PATENT

50. Roku incorporates its responses in paragraphs 1 through 49 above as if fully repeated and restated herein.

51. Denied.

52. Denied.

53. Roku admits that it has had actual knowledge of the '064 patent since the service of this lawsuit. Roku denies the remaining allegations of paragraph 53.

54. Denied.

55. Roku admits that Exhibit 4 is a claim chart attached to the Complaint, but Roku denies it has infringed any of the claims of the '064 patent.

56. Denied.

## COUNT II - INFRINGEMENT OF THE '114 PATENT

57. Roku incorporates its responses in paragraphs 1 through 56 above as if fully repeated and restated herein.

58. Denied.

59. Denied.

60. Roku admits that it has had actual knowledge of the '114 patent since the service of this lawsuit. Roku denies the remaining allegations of paragraph 60 of the Complaint.

61. Roku admits that Exhibit 5 is a claim chart attached to the Complaint, but Roku denies it has infringed any of the claims of the '114 patent.

62. Denied.

## COUNT III - INFRINGEMENT OF THE '066 PATENT

63. Roku incorporates its responses in paragraphs 1 through 62 above as if fully repeated and restated herein.

64. Denied.

65. Denied.

66. Roku admits that it has had actual knowledge of the '066 patent since the service of this lawsuit. Roku denies the remaining allegations of paragraph 66 of the Complaint.

67. Roku admits that Exhibit 6 is a claim chart attached to the Complaint, but Roku denies it has infringed any of the claims of the '066 patent.

68. Denied.

## DEMAND FOR JURY TRIAL

No Response to Flexiworld's jury demand is required. Roku requests a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Roku denies Flexiworld is entitled to any of the relief requested in the Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

69. Flexiworld's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (No Infringement)

70. Roku does not infringe and has not infringed any valid and enforceable claim of any of the Patents-in-Suit, either directly, indirectly, literally, or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

71. Each asserted claim of each of the Patents-in-Suit is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

## FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

72. By reason of statements, representations, admissions, concessions, arguments, and/or amendments made by and/or on behalf of the applicants to and by the U.S. Patent & Trademark Office ("PTO") during the prosecution of the patent applications that led to the issuance of the Patents-in-Suit.  Flexiworld's claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel and/or disclaimer, because none of the claims can be properly construed as covering any Roku product or service.

## FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

73. Upon information and belief, neither Flexiworld, any of its predecessors, nor any licensee marks or ever marked any products with the Patents-in-Suit.

74. Prior to filing suit, Flexiworld never provided Roku with any notice of Roku's alleged infringement of the Patents-in-Suit.

75. Pursuant to 35 U.S.C. § 287, Flexiworld's damages, if any, are limited to the filing of the Complaint through patent expiration.

76. Flexiworld's claim for damages is limited by the provisions of 35 U.S.C. § 286.

## SIXTH AFFIRMATIVE DEFENSE
### (No Costs)

77. Flexiworld is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## SEVENTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

78. One or more of Flexiworld's claims are barred by one or more of the equitable doctrines of unclean hands, acquiescence, estoppel, and/or waiver.

## RESERVATION OF RIGHTS

Roku reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, which may now exist or in the future be available based on discovery. Roku reserves its rights to amend should it learn of additional defenses.

## COUNTERCLAIMS

A. Roku counterclaims against Flexiworld as follows:

## PARTIES

B. Roku is a Delaware corporation with its headquarters and principal place of business located at 150 Winchester Circle, Los Gatos, CA 95032.

C. Upon information and belief, Flexiworld is a Washington corporation with its principal place of business at 2716 SE 169th Ave Q147, Vancouver, WA.

## JURISDICTION AND VENUE

D. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

E. This Court has personal jurisdiction over Flexiworld by virtue of Flexiworld's

filing and pursuit of the Complaint in this District.

F. This counterclaim arises under the patent laws of the United States. Venue is proper in this District because Flexiworld has voluntarily appeared and consented to this venue by filing its claims for patent infringement here.

## FIRST COUNTERCLAIM

### (Count for Declaratory Judgment of Non-Infringement of the '064 Patent)

G. Roku incorporates by reference the allegations in paragraphs A through F of its Counterclaims set forth above.

H. Flexiworld has alleged in this action that Roku has been and currently is infringing the '064 patent, and that this patent is valid.

I. Roku has not infringed and is not infringing the '064 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

J. There accordingly is an actual, immediate, and justiciable controversy between the parties with respect to the alleged infringement of the '064 patent.

K. A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## SECOND COUNTERCLAIM

### (Count for Declaratory Judgment of Invalidity of the '064 Patent)

L. Roku incorporates by reference the allegations in paragraphs A through K of its Counterclaims set forth above.

M. Flexiworld has alleged in this action that Roku has been and currently is infringing the '064 patent, and that this patent is valid.

N. However, some or all of the claims of the '064 patent are invalid under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, the '064 patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept

sufficient to transform the claim into a patent-eligible invention.

O. There accordingly is an actual, immediate, and justiciable controversy between the parties.

P. A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## THIRD COUNTERCLAIM

**(Count for Declaratory Judgment of Non-Infringement of the '114 Patent)**

Q. Roku incorporates by reference the allegations in paragraphs A through P of its Counterclaims set forth above.

R. Flexiworld has alleged in this action that Roku has been and currently is infringing the '114 patent, and that this patent is valid.

S. Roku has not infringed and is not infringing the '114 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

T. There accordingly is an actual, immediate, and justiciable controversy between the parties.

U. A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## FOURTH COUNTERCLAIM

**(Count for Declaratory Judgment of Invalidity of the '114 Patent)**

V. Roku incorporates by reference the allegations in paragraphs A through U of its Counterclaims set forth above.

W. Flexiworld has alleged in this action that Roku has been and currently is infringing the '114 patent, and that this patent is valid.

X. However, some or all of the claims of the '114 patent are invalid under the Patent Act, 35 U.S.C. §§ 1, et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or

112.  For example, the '114 patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into a patent-eligible invention.

Y. There accordingly is an actual, immediate, and justiciable controversy between the parties.

Z. A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## FIFTH COUNTERCLAIM

### (Count for Declaratory Judgment of Non-Infringement of the '066 Patent)

AA. Roku incorporates by reference the allegations in paragraphs A through Z of its Counterclaims set forth above.

BB. Flexiworld has alleged in this action that Roku has been and currently is infringing the '066 patent, and that this patent is valid.

CC. Roku has not infringed and is not infringing the '066 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

DD. There accordingly is an actual, immediate, and justiciable controversy between the parties.

EE. A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## SIXTH COUNTERCLAIM

### (Count for Declaratory Judgment of Invalidity of the '066 Patent)

FF. Roku incorporates by reference the allegations in paragraphs A through EE of its Counterclaims set forth above.

GG. Flexiworld has alleged in this action that Roku has been and currently is infringing the '066 patent, and that this patent is valid.

HH. However, some or all of the claims of the '066 patent are invalid under the Patent Act, 35 U.S.C. §§ 1, et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, the '066 patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into a patent-eligible invention.

II. There accordingly is an actual, immediate, and justiciable controversy between the parties.

JJ. A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## PRAYER FOR RELIEF

WHEREFORE, Roku prays for the following relief and judgment:

1. That Flexiworld take nothing by way of its Complaint and the same be dismissed with prejudice;

2. That the Court enters a judgment declaring that Roku has not infringed and does not infringe the '064 patent;

3. That the Court enters a judgment declaring that the claims of the '064 patent are invalid;

4. That the Court enters a judgment declaring that Roku has not infringed and does not infringe the '114 patent;

5. That the Court enters a judgment declaring that the claims of the '114 patent are invalid;

6. That the Court enters a judgment declaring that Roku has not infringed and does not infringe the '066 patent;

7. That the Court enters a judgment declaring that the claims of the '066 patent are invalid;

8. That all damages, costs, expenses, attorneys' fees, prejudgment and/or post-judgment interest, and other relief sought by Flexiworld be denied;

9. That this case be declared exceptional pursuant to 35 U.S.C. § 285 and attorneys' fees and costs incurred in this action be awarded to Roku; and that the Court award Roku all other relief the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Roku requests a trial by jury on all claims and defenses properly decided by a jury.

Dated: November 2, 2020

Respectfully submitted,

**PERKINS COIE LLP**

*/s/ Matthew C. Bernstein*
Matthew C. Bernstein
(CA Bar No. 199240)
MBernstein@perkinscoie.com
11452 El Camino Real, Suite 300
San Diego, CA 92130-2080
Tel. (858) 720.5700
Fax (858) 720.5799

Martin E. Gilmore (*pro hac vice* pending)
mgilmore@perkinscoie.com
500 W. 2nd St., Suite 1900
Austin, TX 78701
Tel. (737) 256.6100
Fax (737) 256.6300

**ATTORNEYS FOR DEFENDANT ROKU, INC.**

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE]- Document Filing System, to all counsel of record on this 2nd day of November 2020.

*/s/ Matthew C. Bernstein*

149887405.2